UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VERONICA CANTU,<br><br>　　　　　Defendant. | Case No. 1:14-cr-0237-S-BLW<br><br>**REPORT AND RECOMMENDATION** |

On April 25, 2016, Defendant VERONICA CANTU appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 74). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt, the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, as proffered by Defendant's counsel and brief in support of motion for presentence release (Dkt. 78), as well as supported by two letters admitted as Exhibit A, Defendant has been compliant with all aspects of pretrial supervision. Specifically, she has been actively involved in a substance abuse treatment program as well as individual counseling sessions, abstained from drugs and alcohol (as verified by urinalysis), sought and maintained employment, and taken the initiative to work toward a GED. Defendant anticipates obtaining her GED certificate in June. Defendant has been cooperative with her supervising probation officer and has voluntarily complied with all court appearances and requests of the supervising probation officer, which include agreeing to add a curfew modification to her conditions of release. She has been successful on pretrial release for almost six months. In addition, Defendant is the single mother of a young child.

The Court finds that the above circumstances, taken collectively, constitute clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community if release is continued pending sentencing. Further, the Court finds detention

**REPORT AND RECOMMENDATION - 2**

pending sentencing would unduly disrupt Defendant's progress in her substance abuse and mental health treatment program, her employment, her efforts toward earning a GED, and her ability to carry out and contribute to ongoing parental responsibilities. The Court finds the totality of these circumstances constitute exceptional reasons why Defendant's detention pending sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant VERONICA CANTU's plea of guilty to Count One of the Indictment (Dkt. 1),

2) The District Court continue Defendant's release subject to the Conditions of Supervision, as amended by this Court. (Dkt. 67.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: April 25, 2016

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE